# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

KEITH K. CARTER,

      Plaintiff,

vs.                                                                 No. CV 20-00271 RB/GJF

SANTA FE ADULT DETENTION CENTER,

      Defendant.

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION FOR AN EMERGENCY INJUNCTION

THIS MATTER is before the Court under Federal Rule of Civil Procedure 65 on the Motion for an Emergency Injunction filed by Plaintiff Keith K. Carter. (Doc. 1.) The Court will deny the Motion for an Emergency Injunction.

Mr. Carter is a prisoner incarcerated at the Santa Fe Adult Detention Center. (*Id.* at 1.) He has filed a Motion for an Emergency Injunction. (*Id.*) He asks this Court to "issue its Order instructing Defendants to transfer Plaintiff into custody of a facility that is qualified to meet the preventative measures that are necessary to avoid contracting and/or containing the Corona Virus." (*Id.* at 1). After setting out general information about the COVID-19 pandemic, Mr. Carter states:

> [I]t's imminence should be taken extremely serious. As a inmate at this facility, my concerns for my health lies with preventing exposure to the virus. I am by no means capable of implementing policies or procedures at the administrative level to ensure that all plausible efforts are being actuated to minimize the possibility of having the virus become viable within the facility. Yet it is clearly evident that the efforts that [are] being made to thwart that possibility are so repugnant as to render them capricious and inadequate. It goes without saying that this virus cannot be communed to the residents of this facility unless someone has contracted the virus from the outside and transmitted it to the population who otherwise would not be susceptible to it due to our minimal contact with the outside world. For some reason punitive restrictions are being imposed on the general population periodically which entails being confined to our cells for 48 hour durations, denied telephone access, shower access, attorney phone calls, etc., while administrative officials come into the Pods spraying everything with bleach. While such measures may

seem to be understandable given the circumstances, the stark reality makes such measures farcical because, again . . . the virus is outside, not inside of our cellblocks!

(*Id.* at 2–3.) He goes on to generally allege that the facility is understaffed, the staff is not qualified to manage the situation, and that measures such as instructing employees not to come to work if they are ill are inadequate precautionary measures. (*Id.* at 2–6.)

In order to receive a preliminary injunction, Mr. Carter must establish four factors: (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless injunctive relief is issued; (3) that any claimed injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, is not adverse to the public interest. *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002), *abrogated on other grounds by Audubon Soc. of Greater Denver v. U.S. Army Corp of Eng'rs*, 908 F.3d 593, 604 (10th Cir. 2018). A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *See De Beers Consol. Mines v. United States,* 325 U.S. 212, 220 (1945). Therefore, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

Because a preliminary injunction is an extraordinary remedy, the moving party's right to relief must be clear and unequivocal. *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016). A plaintiff is not entitled to relief based solely on claimed likelihood of success on the merits but must, instead, make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms. *Edmisten v. Werholtz*, 287 F. App'x 728, 731 (10th Cir. 2008).

Further, to the extent Mr. Carter seeks injunctive relief against the Santa Fe Adult Detention Center without notice and prior to any Court order requiring the Defendants to answer, his Motion is, in effect, a request for a temporary restraining order ("TRO"). See Fed. R. Civ. P. 65(b)(1). Rule 65(b) provides:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

The Tenth Circuit has adopted four elements for the Court to consider in deciding whether to grant a TRO under Rule 65(b). Those four elements are: (1) a showing that the movant will suffer immediate and irreparable injury unless the injunction issues; (2) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; (3) a substantial likelihood that the movant will eventually prevail on the merits: and (4) a showing that the injunction, if issued, would not be adverse to the public interest. *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).

Although decisions on the issue are limited at this time, federal courts that have considered arguments like Mr. Carter's have indicated that a prisoner is not entitled to release or transfer based solely on generalized COVID-19 fears and speculation. Rather, the court must make an individualized determination as to whether COVID-19 concerns present such extraordinary and compelling reasons in a particular case that temporary release or transfer is necessary. *See United States v. Clark*, 2020 WL 1446895 at *3 (D. Kan. 2020). Generalized allegations and conclusory statements about possible exposure to or spread of COVID-19 do not meet the criteria for

extraordinary and compelling reasons. *United States v. Eberhart*, 2020 WL 1450745 at *2 (N.D. Cal. 2020); *see also, Jackson v. Walz*, 2020 WL 1442641 (D. Minn. 2020).

Mr. Carter makes generalized, speculative allegations concerning fear of contracting the COVID-19 coronavirus. He does not, however, present any factual allegations of exceptional or extraordinary personal circumstances that render him personally at high risk of contracting the disease. Instead, his allegations make clear that the disease has not even been detected in the Santa Fe Detention facility and that his concerns about contracting the virus are no different than those of anyone in the general population. *See Eberhart*, 2020 WL 1450745 at *2. Carter does not demonstrate any likelihood of immediate and irreparable harm as required by Rule 65(b)(1). Mr. Carter fails to demonstrate that his right to relief is clear and unequivocal and the Court will deny the Motion for an Emergency Injunction. *Dine Citizens Against Ruining Our Env't*, 839 F.3d at 1281.

**IT IS ORDERED** that the (Doc. 1) Motion for an Emergency Injunction filed by Plaintiff Keith K. Carter is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE